UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS R BOHL,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL TIME RESOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 3:18-cv-00896-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 6, 15, 16 |

**INTRODUCTION**

Pro se plaintiff Dennis Bohl brings this action against Real Time Resolutions, Inc. ("RTR") and Capital One, N.A. ("Capital One") based on their alleged attempt to collect a debt that he claims was discharged in a separate bankruptcy proceeding. The debt stems from a home equity line of credit ("HELOC") secured by real property owned and occupied by Bohl. Both RTR and Capital One move to dismiss Bohl's complaint.[1] Most of his claims are based on his misunderstanding that RTR and Capital One lost their right to foreclose on the property when the debt was discharged. Two of his claims are DISMISSED WITH PREJUDICE because they could not possibly be cured by the allegation of other facts. The remaining claims are not plausibly pleaded and are DISMISSED WITH LEAVE TO AMEND. Bohl shall file an amended complaint, if any, within 30 days of the date of this Order. The hearing on this matter is VACATED. Civil L. R. 7-1(b).

---

[1] Bohl filed a motion for default judgment the same day RTR moved to dismiss. Dkt. No. 16. His motion for default is DENIED AS MOOT.

**BACKGROUND**

**I. FACTUAL BACKGROUND**

On April 4, 2007, Bohl obtained a home equity line of credit ("HELOC") from Capital One, N.A. in the amount of $138,500.00, secured by a deed of trust on the real property located at 2308 Bettona Street in Livermore, California. Compl. ¶¶ 3, 6 (Dkt. No. 1). On December 1, 2017, Capital One transferred the loan to Real Time Resolutions, Inc. ("RTR"). *Id.* ¶ 7.

In April 2010, Bohl began experiencing financial hardship and filed for Chapter 7 bankruptcy in the Northern District of California. *Id.* ¶ 9. The petition included the debt on the HELOC. *Id.* In June 2010, Bohl received a discharge of the Chapter 7 bankruptcy case. *Id.* ¶ 10; *see* Bankruptcy Discharge (Compl. Ex. 1). The discharge includes an informational sheet called "Explanation of Bankruptcy Discharge in a Chapter 7 Case," which states:

> [A] creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if the lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

*See* Explanation of Bankruptcy Discharge in a Chapter 7 Case (Dkt. No. 1 at 17).

On September 27, 2017, Capital One sent Bohl a communication showing a balance of $120, 368.50 due, Compl. ¶ 12; *see* 9/27/17 Capital One Letter (Compl., Ex. 3),[2] and on January 23, 2018, Real Time sent him a communication showing a balance of $136,635.44 due, Compl. ¶ 11; *see* 1/23/18 Payoff St. (Compl., Ex. 2).[3]

Bohl has repeatedly requested Real Time to "prove up the delinquency and the validity of the debt[,]" since the debt was discharged in the 2010 bankruptcy "[a]t no point in time" did he enter into a reaffirmation agreement. Compl. ¶¶ 13–15.

**II. PROCEDURAL HISTORY**

On February 12, 2018, Bohl filed this complaint against Capital One and Real Time.

---

[2] Defendants point out that the letter does not indicate that the outstanding balance is $120,368.50; rather, the letter states that this figure represents the total amount necessary to bring the loan current. *See* Capital One Letter (Dkt. No. 1 at 23).

[3] RTR clarifies that Bohl's allegations mischaracterize the record. The letter actually states that the principal balance is $134,635.44, and the total payoff is $256,481.20. *See* 1/23/18 Payoff St. (Dkt. No. 1 at 21).

1    Compl. (Dkt. No. 1). He brings claims for (1) violation of 11 U.S.C. § 524; (2) violation of the

2    California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (3) fraud; (4)

3    misrepresentation; (5) violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

4    2605; (6) violation of 15 U.S.C. § 1692e(10); and (7) violation of 15 U.S.C. § 1692(2)(A).

5    Compl. ¶¶ 16–68. He attached to his complaint his bankruptcy discharge, a letter from Capital

6    One, and a letter from RTR. (Dkt. No. 1 at 15–38). He seeks, in part, an order enjoining Real

7    Time from engaging in any foreclosure activity, damages for severe emotional distress, and

8    punitive damages. Compl. Prayer for Relief.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making

this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION[4]

Bohl's complaint is premised on his understanding that the Chapter 7 bankruptcy discharge impacts defendants' ability to enforce the deed of trust securing the HELOC. *See, e.g.*, Compl. ¶ 25 ("Plaintiff was damaged as a result [sic] Defendants' misrepresentations and misconduct since Plaintiff made numerous mortgage payments amounting to thousands of dollars towards a debt he was not legally obligated to pay."). But "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). In other words, "the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id*. at 83 (citing See 11 U.S.C. § 522(c)(2)). Even though Bohl discharged the debt in bankruptcy, RTR may still "collect" on the debt through foreclosure. He therefore lacks a basis for his claims, but I will nonetheless walk through each cause of action.

### I. NO PRIVATE RIGHT OF ACTION UNDER SECTION 524

Section 524 states that a discharge "operates as an injunction against the commencement or

---

[4] RTR requests judicial notice of the deed of trust and request for notice of default. RTR's Request for Judicial Notice ISO Reply (Dkt. No. 26). Because the document is a matter of public record not subject to reasonable dispute, its request is GRANTED. Fed. R. Evid. 201; *see Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007).

4

continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."
11 U.S.C. § 524(a)(2). Subsection (j) reads:

> Subsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if--
> **(1)** such creditor retains a security interest in real property that is the principal residence of the debtor;
> **(2)** such act is in the ordinary course of business between the creditor and the debtor; and
> **(3)** such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

11 U.S.C. § 524(j).

Bohl asserts that the communications to him on September 27, 2017 and January 23, 2018 violated Section 524. RTR clarifies that it sent the January 23 payoff statement in response to a request from Bohl, and not to collect a debt. *See* 1/23/18 Payoff St. (Dkt. No. 1 at 20). But it highlights subsection (j) to emphasize that, even accepting Bohl's allegations that the letter requested a payment, it was permitted to take such action under subsection (j).

It is clear from subsection (j) that neither defendant has violated section 524. Even if there was a violation, Bohl's remedy would be a contempt action in Bankruptcy Court, and not a private right of action before me. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506–510 (9th Cir. 2002).Either way, Bohl's claim under this section fails as a matter of law. It is DISMISSED WITH PREJUDICE.

**II.    CLRA CLAIM**

Bohl alleges that defendants violated the CLRA by sending him "a communication requesting payment with respect to the discharged debt." Compl. ¶ 31. The CLRA makes unlawful certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer …." CAL. CIV. CODE § 1770(a). Services are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." CAL. CIV. CODE § 1761(b).

This claim fails because of well-settled precedent. "A mortgage loan is not a 'good'

because it is not a 'tangible chattel;' it is not a 'service' because it is not 'work, labor, or services ... furnished in connection with the sale or repair of goods.'" *Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 40 (2015); *see also Berry v. Am. Exp. Publ'g, Inc.,* 147 Cal. App. 4th 224, 233 (2007) ("We conclude neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the act."). The CLRA, therefore, does not apply to these circumstances. *See, e.g., Jamison v. Bank of Am., N.A.,* 194 F. Supp. 3d 1022, 1031 (E.D. Cal. 2016) ("Most federal district courts that have considered the issue since Fairbanks likewise have held that the CLRA does not apply to mortgage loan servicing."); *Mazonas v. Nationstar Mortgage LLC*, No. 16-cv-00660, 2016 WL 2344196, at *3 (N.D. Cal. May 4, 2016). This claim is also DISMISSED WITH PREJUDICE.

## III. FRAUD AND MISREPRESENTATION CLAIMS

Defendants challenge these claims on grounds that Bohl fails to articulate the nature of any fraud, let alone meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) as he fails to allege an actual misrepresentation, justifiable reliance, or damages. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)("Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud… ."). To state a claim for fraud, Bohl must plausibly allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Bohl alleges that RTR and Capital One misrepresented a false loan balance in billing statements sent to him. Compl. ¶¶ 36–50. As previously discussed, these claims appear to be based on his misunderstanding of bankruptcy law and the results of bankruptcy discharge. He offers no plausible allegations demonstrating defendants' misrepresentations of the balance due on the HELOC. These claims are DISMISSED WITH LEAVE TO AMEND.

## IV. RESPA

Bohl brings this claim against both defendants, but includes allegations only against RTR,

based on its January 23, 2018 correspondence. Compl. ¶¶ 51–55. According to Bohl, RTR's "communication alleged that the statute of limitations had not run on the Debt, a misrepresentation." *Id*. ¶ 54. Elsewhere in the complaint he alleges that he "has sent qualified written requests to [RTR] to prove up the delinquency and the validity of the debt. … [B]ut [RTR] has failed to supply documentation supporting this claim [that the interest rate on the debt is 10.125%]." Compl. ¶¶ 40.f, 47.f.

RESPA provides, "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days… ." 12 U.S.C. § 2605(e)(1)(A). "A plaintiff alleging violation of § 2605 must show: (i) that the servicer failed to adhere to the rules governing a QWR; and (ii) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure." *Givant v. Vitek Real Estate Indus. Grp., Inc.*, 2012 WL 2912357, at *6 (E.D. Cal. July 16, 2012). "These damages must flow from the failure of the servicer to provide the information sought by the plaintiff through the QWR." *Id*.

To the extent his claim is based on Section 2605 of RESPA, Bohl fails to state a claim. First, his allegations establish that RTR responded to his request for information with the January 23, 2018 letter, so it is unclear what rules RTR purportedly failed to follow. In addition, Bohl has not alleged any actual damage resulting from any potential violation. He alleges that he "has been damaged since [he] have [sic] incurred court fees to enforce his legal rights, suffered serve [sic] emotional distress, and has suffered the slander of his reputation due to the fact that illegitimate and false information has been attributed to him and reported to credit reporting agencies and bureaus." Compl. ¶ 55. None of these alleged damages are tied to any RESPA violation.

This claim is DISMISSED WITH LEAVE TO AMEND. On amendment, Bohl should specify how RTR allegedly violated RESPA and how that violation caused him actual damages.

**V.     FDCPA**

Bohl alleges violations of 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the

collection of any debt." He brings two causes of action under this provision, one related to RTR's communication which he alleges falsely misrepresented that the statute of limitations had not run on the debt, and the other based on RTR's representation that the interest rate on the debt is 10.125%. Compl. ¶¶ 56–67.

Bohl's allegations do not plausibly state a claim for relief. He attached RTR's letter to his complaint, and it does not mention any statute of limitations. *See* 1/23/18 Payoff St. (Compl., Ex. 2, Dkt. No. 1 at 20–21). When a plaintiff physically attaches a document to his complaint, I may look past the allegations to the contents of the document. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). To the extent his claim is based on RTR's reporting a disputed debt to a credit agency, he must allege that RTR knew he disputed the debt. *See* 15 U.S.C. § 1692e(8)(listing a violation of the statute when a debt collector "[c]ommunicat[ed] or threaten[s] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."). Contrary to his contentions, I cannot infer that he disputed the debt, and that RTR knew that he disputed the debt. He must include those allegations on amendment. His FDCPA claims are DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

In accordance with the foregoing, Bohl's first and second causes of action based on violations of section 524 and the California Consumer Legal Remedies Act are DISMISSED WITH PREJUDICE because there is no way he can cure their deficiencies. While it is unclear whether he can state any plausible claims against these defendants, leave is freely given to amend so I will DISMISS the remaining claims WITH LEAVE TO AMEND within 30 days. Bohl's motion for default judgment is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: April 17, 2018

William H. Orrick
United States District Judge

8