UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS R BOHL,

    Plaintiff,

    v.

REAL TIME RESOLUTIONS, INC., et al.,

    Defendants.

Case No. 3:18-cv-00896-WHO

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Unrepresented plaintiff Dennis Bohl brought this action against Real Time Resolutions, Inc. ("RTR") and Capital One, N.A. ("Capital One") based on the defendants' alleged attempt to collect a debt that he claims was discharged in a separate bankruptcy proceeding. The debt stems from a home equity line of credit ("HELOC") secured by real property owned and occupied by Bohl. In ruling on defendants' motions to dismiss Bohl's complaint, I noted that "[e]ven though Bohl discharged the debt in bankruptcy, RTR may still 'collect' on the debt through foreclosure." Order Denying Pl.'s Mot. for Default J. and Dismissing Complaint With Leave to Amend at 4 ("Prior Order")(Dkt. No. 28)(citing *Johnson v. Home State Bank*, 501 U.S. 78, 83–84 (1991)). I determined that he "lack[ed] a basis for his claims," but nonetheless granted him leave to amend all but two of the claims. *Id.*; *see also id.* at 8 ("While it is unclear whether he can state any plausible claims against these defendants, leave is freely given to amend so I will DISMISS the remaining claims WITH LEAVE TO AMEND within 30 days.").

When Bohl filed an amended complaint (Dkt. No. 30), he failed to sign it and RTR moved to strike (Dkt. No. 31). Defendants also filed motions to dismiss his amended complaint, explaining that his claims are still "premised on his erroneous understanding that his Chapter 7 bankruptcy discharge means that Defendants may not enforce the deed of trust securing his home

equity line of credit[.]" Capital One's Mot. to Dismiss at 1 (Dkt. No. 38); *see also* RTR's Mot. to Dismiss at 1 ("As stated repeatedly in case law and this Court's prior Order, a discharge does not eliminate or wipe out the debt, it simply makes it uncollectable through an *in personam* court action."). I thereafter ordered Bohl to file a signed amended complaint and reminded him of the deadline for him to oppose defendants' motions to dismiss. Order Striking Unsigned Complaint and Ordering Plaintiff to File a Signed Amended Complaint (Dkt. No. 43).

On June 5, 2018, Bohl filed another unsigned complaint. Dkt. No. 44. On June 8, 2018, I issued an order to show cause directing Bohl to appear at a case management conference on June 13, 2018, to "show cause for his failure to correct the defect in the pleading, sign the pleading, and demonstrate his intent to prosecute this case (including opposing the pending motions to dismiss)[.]" Dkt. No. 48. He did not appear.

Because he has failed to file a signed complaint, oppose defendants' motions to dismiss, and appear at the Case Management Conference, and because his amended complaint is defective for the reasons I outlined in the Prior Order, this case is DISMISSED WITH PREJUDICE. *See* Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

Dated: June 13, 2018

William H. Orrick
United States District Judge