UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS R BOHL, <br><br> Plaintiff, <br><br> v. <br><br> REAL TIME RESOLUTIONS, INC., et al., <br><br> Defendants. | Case No. 3:18-cv-00896-WHO <br><br> **ORDER GRANTING MOTION TO REOPEN CASE AND DISMISSING CASE WITH PREJUDICE** <br><br> Re: Dkt. No. 51 |

On June 14, 2018, I dismissed this case with prejudice because pro se plaintiff Dennis Bohl twice failed to file a signed amended complaint, ignored my order to oppose defendants' motions to dismiss, neglected to appear at the Case Management Conference, and because his unsigned amended complaint did not remedy the deficiencies identified in my prior order dismissing his complaint with leave to amend ("Prior Order")(Dkt. No. 28). Order Dismissing Case for Failure to Prosecute (Dkt. No. 50).

In a letter dated June 20, 2018, Bohl asks me to reconsider and to allow him to file his now-signed First Amended Complaint (FAC). June 20 Letter (construed as a motion to reopen case and for leave to file first amended complaint)(Dkt. No. 51). Defendants oppose Bohl's request. RTR's Opp'n (Dkt. No. 52); Capital One's Opp'n (Dkt. No. 55).

Bohl represents that his failure to comply with my Prior Order and file a signed amended complaint was the result of the process server delivering "the unsigned documents, instead of the executed documents[,]" and he was unaware of the case management conference since he "did not receive any notification via U.S. mail." *Id*. I have reason to question these representations given that the process server likely delivered documents provided by Bohl, and Bohl was served by U.S. mail with notice of the case management conference. *See* Proof of Service (Phipps Decl. ¶ 3, Ex.

1 A, Dkt. No. 53); *see also* Certificate of Service (Dkt. No. 37).

2 I will nonetheless accept Bohl's representations and GRANT his request to reopen the
3 case. I accept and hereby order filed the signed First Amended Complaint attached to his letter.
4 *See* First Am. Compl. ("FAC")(Dkt. No. 51-1).

5 However, Bohl has still failed to oppose defendants' motions to dismiss (due on June 1,
6 2018), and more significantly, his FAC does not resolve the deficiencies identified in my Prior
7 Order. In short, Bohl's claims are still based on his misunderstanding that defendants lost their
8 right to foreclose on his real property when he discharged his home equity line of credit in a
9 bankruptcy proceeding. Prior Order at 1; *see* FAC ¶¶ 16–43 (basing his fraud claim on
10 defendants' communications showing a loan balance because "there was no balance owed due to
11 the bankruptcy discharge."); FAC ¶¶ 44–43 (basing his "misrepresentation" claim on the same
12 factual allegations); FAC ¶ 49 (basing his RESPA claim in part on the allegation that he "has
13 suffered actual damages because [he] was deceived into making unnecessary payments towards a
14 balance that was not legally owed."); FAC ¶¶ 51–63 (basing FDCPA claims on same factual
15 allegations that defendants falsely represented the debt owed). But, as I noted in the Prior Order,
16 "the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or
17 passes through the bankruptcy." *Id*. at 4 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 84
18 (1991)).

19 Since Bohl's FAC does not remedy the deficiencies identified in my Prior Order despite
20 having multiple opportunities to do so, his case is DISMISSED WITH PREJUDICE. Judgment
21 will be entered in favor of defendants.

22 **IT IS SO ORDERED.**

23 Dated: July 11, 2018

William H. Orrick
United States District Judge